# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ASTON ANDERSON,**

    **Plaintiff,**

**vs.**                              **Case No. 4:09cv6-MMP/WCS**

**JACKSONVILLE MEMORIAL**
**HOSPITAL, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

The *pro se* Plaintiff, Aston Anderson, has filed an amended complaint. Doc. 7. This case now proceeds with just one Plaintiff, an inmate who is incarcerated within the Florida Department of Corrections. Plaintiff complains about his physical abilities and medical condition following surgery to remove a blood clot. Doc. 7, p. 5.

As Plaintiff was previously advised, doc. 6, a civil rights case is not the proper method to complain about medical care which is performed at a private hospital and not by medical providers within the Department of Corrections. In the amended complaint, Plaintiff does not clearly state what was obvious from the original complaint, that the surgery was performed at Jacksonville Memorial Hospital, but that may be generally

inferred from his listing of the Defendant.  Plaintiff is directed, however, to state facts which are linked to the Defendant(s), inferences are not sufficient to state a claim. Moreover, while Plaintiff complains about his physical condition at present, Plaintiff does not provide any allegations wrong-doing by any particular medical provider.  There is simply no basis presented which demonstrates that this case can proceed as a civil rights action pursuant to 42 U.S.C. § 1983.

To present viable claims under § 1983, Plaintiff must allege deliberate indifference to a serious medical need.  See Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  The concept of deliberate indifference must be more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm.  Farmer v. Brennan, 511 U.S. 1216, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994).  Subjective recklessness is the standard which must be shown for an official's actions to rise to the level of deliberate indifference.  Id.  "Ultimately, there are thus four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts."  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), cert. denied, 531 U.S. 1077 (2001).  "Grossly incompetent or inadequate care can constitute deliberate indifference . . . as can a doctor's decision to take an easier and less efficacious course of treatment."  Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989), citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986); McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

However, medical malpractice does not constitute deliberate indifference. Estelle, 429 U.S. at 106, 97 S. Ct. at 292.  "Nor does a simple difference in medical

opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment."  <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1505 (11th Cir. 1991), *citing* <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1033 (11th Cir. 1989).

Here, there is no showing of harm or injury by prison officials or medical providers who are "state actors" as is required by § 1983.  Indeed, the amended complaint fails to even allege negligence or medical malpractice.  Plaintiff's displeasure with his physical conditions following surgery does not demonstrate that his civil rights were violated.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 15, 2009.


         s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:09cv6-MMP/WCS